IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PETER ESTEVEZ,

                                Plaintiff,

   -against-

THE CITY OF NEW YORK; New York City Police
Department ("NYPD") Police Officer TICEL HOWARD,
In his individual capacity; and NYPD Police Officer
KEVIN DONNELLY, in his individual capacity,

                                Defendants.
------------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

Plaintiff, PETER ESTEVEZ by and through his attorneys, SPODEK LAW GROUP, P.C., alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Peter Estevez brings this civil rights action because his constitutional rights were violated by the New York City Police Department ("NYPD") officers Ticel Howard and Kevin Donnelly. The defendants falsely arrested Plaintiff, retaliated against him for exercising his free speech rights, used excessive force, failed to intervene to protect his safety, and submitted false allegations to the District Attorney's Office leading to baseless charges being brought against him.

2. Plaintiff seeks to vindicate his constitutional rights by holding Defendants accountable for their unconstitutional actions. He also seeks, *inter ailia*, compensatory damages for his physical and mental injuries, and for his loss of freedom, as well as punitive damages for Defendant's egregious misconduct.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's civil rights secured by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

4. This action also involves violations of Plaintiff's rights under Article 1 §§ 1, 6, 8, and 12 of the New York State Constitution and New York State common law.

5. The amount of damages sought exceeds the jurisdiction of all lower courts who would otherwise have jurisdiction.

6. Venue is proper in the Southern District of New York. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 because Plaintiff alleges violation of its rights under the Constitution and laws of the United States, with proper venue pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims occurred within the Southern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims for which a jury trial is legally available.

## THE PARTIES

8. Plaintiff PETER ESTEVEZ is a citizen of the United States and of the State of New York. At all times relevant, Plaintiff has resided in the State of New York.

9. Defendant THE CITY OF NEW YORK (the "City") is a municipal entity created and authorized under the laws of the State of New York.

10. The City is authorized by law to maintain a police department and does maintain the NYPD as such. The NYPD acts as the City's agent and the City assumes the risks incidental the maintenance of a police department and the employment of police officers.

11. Upon information and belief, at all relevant times, Defendants NYPD Police Officers TICEL HOWARD and KEVIN DONNELLY (collectively, the "Individual Defendants") were and are citizens of the United States and the State of New York.

12. At all relevant times, the Individual Defendants were employed by the City and acted under color of law in the course and scope of their duties and authority as officers, agents, servants and employees of the NYPD and the City.

13. At all relevant times, the Individual Defendants violated Plaintiff's clearly established rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article 1 §§ 1, 6, 8, and 12 of the New York State Constitution, of which reasonable law enforcement officers in their respective circumstances would have known were violations of Plaintiff's rights.

## COMPLIANCE WITH NEW YORK GEENRAL MUNCIPAL LAW

14. Plaintiff filed a notice of claim within ninety days of the events giving rise his claims.

15. The New York City Comptroller's Office acknowledged receipt of the claim.

16. More than thirty days has elapsed since the notice of claim was served on the Comptroller's Office, and the City of New York has neglected and/or refused to adjust or pay said claims.

## STATEMENT OF FACTS

17. On July 6, 2016 Plaintiff was nearby the intersection of 37th Street and Tunnel Entrance Street, in Manhattan.

18. Plaintiff was attempting to visit the office of his neurologist where he had a scheduled appointment.

19. As Plaintiff was approaching the intersection, Defendant Donnelly stopped him.

20. Defendant Howard arrived shortly after the arrival of Defendant Donnelly.

21. Plaintiff did not understand why the Individual Defendants detained him, and explained he was late for his medical appointment and needed to be let go.

22. Defendant Howard responded, in sum and substance, "You want me to take my belt and badge off so we can handle this like men?!"

23. Defendant Howard then gripped Plaintiff by the neck and punched him several times in the rib area.

24. Defendant Howard then slammed Plaintiff to the ground.

25. Defendant Howard took out his baton and threatened to hit Plaintiff with said baton. Plaintiff pleaded with Defendant Howard not to him with the baton.

26. Defendant Howard then took out mace, and Plaintiff pleaded with Defendant Howard not to mace him.

27. Regardless, Defendant Howard sprayed mace into Plaintiff's eyes, mouth and face.

28. Defendant Donnelly observed the malicious behavior of Defendant Howard, and failed to intervene to preserve Plaintiff's safety at any time.

29. Defendant Donnelly then placed Plaintiff in handcuffs.

30. Due to the mace, Plaintiff had difficulty breathing. He told the individual defendants that he had difficulty breathing.

31. With Plaintiff in handcuffs, Defendant Howard threatened Plaintiff with more violence.

32. Eventually, emergency medical services arrived on the scene and Plaintiff was taken to Bellevue Hospital, where he received emergency treatment for his injuries sustained due

to Individual Defendants conduct.

33. Plaintiff was then taken to the 17th precinct and spent the night in jail. He was taken to Central Booking the following morning.

34. On or about July 7, 2016, Plaintiff was brought before a judge of the Manhattan Criminal Court and charged under Docket Number 2016NY041487 with resisting arrest and disorderly conduct.

35. The Criminal Complaint was signed by Defendant Howard contained false allegations made by Defendants Howard and Donnelly.

36. The false allegations included that vehicles were forced to move around Plaintiff to avoid hitting him; that when Defendant Howard attempted to place Plaintiff under arrest, that Plaintiff flailed his arms making it difficult for the officer to effect the arrest.

37. On information and belief, the Individual Defendants omitted to inform the District Attorney's Office that Plaintiff was not obstructing traffic; that Plaintiff explained to the Individual Defendants that he was simply trying to get to his medical appointment; that Defendant Howard brutally assaulted Plaintiff without provocation and that Defendant Donnelly did nothing to prevent or stop the assault.

38. The charges were eventually dismissed, but not before Plaintiff had to return to court several times to face the baseless charges against him.

39. As a result of the Defendants conduct, Plaintiff suffered physical and psychological injuries. These injuries have cause Plaintiff to suffer substantial pain and suffering.

40. Plaintiff has also suffered, among other things, the loss of his freedom, embarrassment, humiliation, fear and the violation of his constitutional rights.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 (False Arrest)**

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

42. In committing the acts and commissions complained of herein, the Individual Defendants acted under color of state law, individually and in concert, to deprive Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to eb free from unreasonable searches and seizures, which includes the right to be free from a warrantless arrest absent probable cause.

43. In committing the acts and omissions complained of herein, the Individual Defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

44. As a direct and proximate result of the Individuals Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth, *supra*.

45. The unlawful conduct of the Individual Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 (Excessive Force)

46. Plaintiff realleges and reincorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

47. In committing the acts and commissions complained of herein, the Individual Defendants acted under color of state law, individually and in concert, to deprive Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures, which includes the right to be free from the use of excessive force.

48. As a direct and proximate result of the Individuals Defendants' deprivation of

Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth, *supra*.

49. The unlawful conduct of the Individual Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed.

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 (Failure to Intervene)

50. Plaintiff realleges and reincorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

51. In committing the acts and commissions complained of herein, the Individual Defendants acted under color of state law, individually and in concert, to deprive Plaintiff of his constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures, which includes the right to be free from the use of excessive force.

52. In committing the acts and omissions complained of herein, the Individual Defendants breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

53. As a direct and proximate result of the Individuals Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth, *supra*.

54. The unlawful conduct of the Individual Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 (Denial of Fair Trial/Fabrication of Evidence)

55. Plaintiff realleges and reincorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

56. The Individual Defendants provided false allegations that would be likely to

influence a jury, to the District Attorney's Office.

57. Defendant Howard provided false allegations to the District Attorney's Office causing Plaintiff to be charged with the offenses of Resisting Arrest and Disorderly Conduct, and Defendant Donnelly provided false allegations to the District Attorney's Office causing Plaintiff to be charged with the offense of Disorderly Conduct.

58. In committing the acts and omissions complained of herein, the individual defendants acted under color of state law to deprive Plaintiff of his constitutionally protected rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59. As a direct and proximate result of the Individual Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages, as set forth, *surpa*.

60. The unlawful conduct of the Individual Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 (Denial of Free Speech)

61. Plaintiff realleges and reincorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

62. Defendant Howard, with the acquiescence of Defendant Donnelly, brutally assaulted Plaintiff in retaliation for Plaintiff's verbal challenge of his detention.

63. In committing the acts and omissions complain of herein, the Individual Defendants acted under the color of state law to deprive Plaintiff of his constitutionally protected rights under the First Amendment to the United States Constitution.

64. As a direct and proximate result of the Individual Defendants' deprivation of Plaintiff's constitutional rights, Plaintiff suffered injuries and damages, as set forth, *surpa*.

65. The unlawful conduct of the Individual Defendants was willful, malicious,

oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SIXTH CAUSE OF ACTION
### Violations of the New York State Constitution

66. Plaintiff realleges and reincorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

67. The Individual Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges and immunities guaranteed by Article 1 §§ 1, 6, 8, and 12 of the New York State Constitution, including without limitation, the rights and privileges secured to all citizens of the State of New York, the right to due process, the rights to free speech, and the right to be free from unreasonable search and seizure.

68. As a direct and proximate result of the Individual Defendants' deprivation of Plaintiff's rights, privileges and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth, *supra*.

69. Defendant City is vicariously liable for the conduct of the Individual Defendants as set forth herein.

## SEVENTH CAUSE OF ACTION
### Assault and Battery

70. Plaintiff realleges and reincorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

71. The Individual Defendants, without just cause, willfully and maliciously used physical force against Plaintiff, causing him injuries.

72. The Individual Defendants' committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

73. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff

suffered the injuries and damages set forth, *supra*.

74. Defendant City is vicariously liable for the conduct of the Individual Defendants as set forth herein.

## EIGTH CAUSE OF ACTION
### Negligence

75. Plaintiff realleges and reincorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

76. The Individual Defendants owed Plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers, and the duty to protect citizens from intentional misconduct of other officers.

77. The Individual Defendants, by the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under the same or similar circumstances.

78. All of these acts were performed without any negligence on the part of Plaintiff and were the proximate cause of injuries to Plaintiff.

79. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages set forth, *supra*.

80. The City is vicariously liable for the negligence of the Individual Defendants as set forth herein.

## NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

81. Plaintiff realleges and reincorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

82. As police officers acting in the performance of their duties, the Individual

Defendants owed Plaintiff a duty of care.

83. In breach of that duty of care, the Individual Defendants' foregoing conduct endangered Plaintiff's safety and caused him to fear for his safety.

84. As a direct and proximate result of the Individual Defendants' conduct, Plaintiff suffered the injuries and damages set forth, *supra*, and includes emotional distress as well.

85. The City is vicariously liable for the negligence of the Individual Defendants as set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff Demands the following relief against the Defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages to the extent allowable by law;

(c) attorneys' fees;

(d) the costs and disbursements of this action;

(e) interest;

(f) for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 16, 2018

                                                  **SPODEK LAW GROUP, P.C.**

                                   By: _____
                                       Jeremy G. Feigenbaum, Esq.
                                       *Attorneys for Defendant*
                                       85 Broad Street, 30th Floor
                                       New York, New York 10017
                                       (347) 292-8630

STATE OF NEW YORK
COUNTY OF                                    ss.

I, Peter Estevez, am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents of the Complaint are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Peter Estevez

Subscribed and sworn to
before me on
January 16, 2019

_____
Notary Public

[Notary Seal: LEONIDAS SOSA, NOTARY, NO. 01SO6151530, QUALIFIED IN WESTCHESTER COUNTY, COMM. EXP. 08-21-2022, STATE OF NEW YORK]